**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CHARLES CARROLL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:21-cv-00800** |
| **v.** | ) | |
| | ) | |
| **IDEMIA IDENTITY AND SECURITY** | ) | **District Judge Aleta A. Trauger** |
| **USA LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

---

Defendant Idemia Identity and Security USA LLC ("Defendant" or "IDEMIA"), by and through undersigned counsel, as and for its Answer to Plaintiff Charles Carroll's ("Plaintiff") Complaint, states and alleges as follows:

IDEMIA states that the unnumbered paragraph at the beginning of the Complaint contains allegations that are overly vague, inaccurate, incomplete, argumentative, or taken out of context and, accordingly, IDEMIA denies such allegations. IDEMIA admits that Plaintiff purports to bring claims under the Americans with Disabilities Act, the Age Discrimination in Employment Act, the False Claims Act, and common law breach of contract, but denies that it has engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever. IDEMIA denies the remaining allegations in the introductory paragraph of the Complaint and denies that Plaintiff is entitled to the relief he seeks in the Complaint or any relief whatsoever.

## JURISDICTION AND VENUE

1.      IDEMIA admits that the Court may properly exercise subject matter jurisdiction, but denies that it has engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.  IDEMIA denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.      IDEMIA states that Paragraph 2 of the Complaint contains conclusions of law to which no response is required.  IDEMIA admits that Plaintiff filed a Charge of Discrimination with the EEOC.  IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 2 of the Complaint and, accordingly, denies such allegations.

3.      IDEMIA admits that it is subject to personal jurisdiction, but denies that it has engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.  IDEMIA denies the remaining allegations in Paragraph 3 of the Complaint.

4.      IDEMIA admits that venue is proper, but denies that it has engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.  IDEMIA denies the remaining allegations contained in Paragraph 4 of the Complaint.

## THE PARTIES

5.      IDEMIA admits that Plaintiff was employed as Senior Vice President of Enrollment Services from 2017 until approximately July 2019.  IDEMIA admits that Plaintiff was terminated in or about November 2019.  Upon information and belief, IDEMIA admits that Plaintiff resides in Nashville, Tennessee.  IDEMIA denies any and the remaining allegations contained in Paragraph 5 of the Complaint.

6.      IDEMIA denies the allegations contained in Paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

I.      IDEMIA denies that Plaintiff "had an unblemished and highly regarded career at IDEMIA," as alleged in Heading I preceding Paragraph 7 of the Complaint.  IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the remaining allegations contained in Heading I preceding Paragraph 7 of the Complaint and, accordingly, denies such allegations.

7.      IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 7 of the Complaint and, accordingly, denies such allegations.

8.      IDEMIA admits, upon information and belief, that Plaintiff was one of the founders of Integrated Biometric Technology in or about 2000.  IDEMIA denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.      IDEMIA denies the allegations contained in Paragraph 9 of the Complaint (inclusive of Footnote 1 to the Complaint).

10.     IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 10 of the Complaint and, accordingly, denies such allegations.

11.     IDEMIA denies the allegations contained in Paragraph 11 of the Complaint. IDEMIA denies the allegations contained in the unnumbered heading preceding Paragraph 12.

12.     IDEMIA admits that it appointed Plaintiff as Senior Vice President of Enrollment Services in or about 2017.  IDEMIA denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     IDEMIA denies the allegations contained in Paragraph 13 of the Complaint.

3

14. IDEMIA denies the allegations contained in Paragraph 14 of the Complaint.

15. IDEMIA admits that it designated Trusted Fan as a program in its "Value Creation Plan," meaning that it was a priority business initiative by which IDEMIA sought to expand revenue growth. IDEMIA denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. IDEMIA denies the allegations contained in Paragraph 16 of the Complaint.

17. IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint and, accordingly, denies such allegations.

18. IDEMIA denies the allegations contained in Paragraph 18 of the Complaint.

II. IDEMIA denies the allegations contained in Heading II preceding Paragraph 19 of the Complaint.

19. IDEMIA admits that Ed Casey was named CEO of IDEMIA's North America Identity and Security business in or about January of 2018. IDEMIA denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint and, accordingly, denies such allegations.

21. IDEMIA denies the allegations contained in Paragraph 21 of the Complaint.

22. IDEMIA admits that IDEMIA allowed and required international travel, telework, and video conferencing. IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 22 of the Complaint and, accordingly, denies such allegations.

23. IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint and, accordingly, denies such allegations.

24. IDEMIA states that any text messages are writings or documents that speak for themselves, and IDEMIA denies any allegations contained in Paragraph 24 of the Complaint that vary, contradict, or are otherwise inconsistent with such writings or documents. IDEMIA denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. IDEMIA denies the allegations contained in Paragraph 25 of the Complaint.

26. IDEMIA denies the allegations contained in Paragraph 26 of the Complaint.

27. IDEMIA denies the allegations contained in Paragraph 27 of the Complaint.

28. IDEMIA denies the allegations contained in Paragraph 28 of the Complaint.

29. IDEMIA denies the allegations contained in Paragraph 29 of the Complaint.

30. IDEMIA denies the allegations contained in Paragraph 30 of the Complaint.

31. IDEMIA denies the allegations contained in Paragraph 31 of the Complaint.

32. IDEMIA denies the allegations contained in Paragraph 32 of the Complaint.

33. IDEMIA denies the allegations contained in Paragraph 33 of the Complaint.

34. IDEMIA denies the allegations contained in Paragraph 34 of the Complaint.

35. IDEMIA denies the allegations contained in Paragraph 35 of the Complaint.

36. IDEMIA denies the allegations contained in Paragraph 36 of the Complaint.

IDEMIA denies the allegations contained in the unnumbered paragraph preceding Paragraph 37 of the Complaint.

37. IDEMIA denies the allegations contained in Paragraph 37 of the Complaint.

38. IDEMIA denies the allegations contained in Paragraph 38 of the Complaint.

5

39.     IDEMIA denies the allegations contained in Paragraph 39 of the Complaint.

40.     IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the allegation that the reason Plaintiff declined taking a new role was because "Mr. Casey had a vested interest in ensuring that Mr. Carroll remain while the Company was in the midst of the UES2 contract recompete bid" and, accordingly, denies such allegations.  IDEMIA denies the remaining allegations contained in Paragraph 40 of the Complaint.

41.     IDEMIA states that Paragraph 41 of the Complaint contains allegations that are overly vague, inaccurate, incomplete, argumentative, or taken out of context and, accordingly, IDEMIA denies such allegations.  IDEMIA denies the remaining allegations in Paragraph 41 of the Complaint.

42.     IDEMIA admits that Mr. Casey offered Plaintiff a new position within IDEMIA that included significant additional compensation and bonuses.  IDEMIA denies the remaining allegations contained in Paragraph 42 of the Complaint.

43.     IDEMIA states that any text messages are writings or documents that speak for themselves, and IDEMIA denies any allegations contained in Paragraph 43 of the Complaint that vary, contradict, or are otherwise inconsistent with such writings or documents.  IDEMIA denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.     IDEMIA states that any text messages are writings or documents that speak for themselves, and IDEMIA denies any allegations contained in Paragraph 44 of the Complaint that vary, contradict, or are otherwise inconsistent with such writings or documents.  IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 44 of the Complaint and, accordingly, denies such allegations.

45.     IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of the Complaint and, accordingly, denies such allegations.

46.     IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of the Complaint and, accordingly, denies such allegations.

47.     IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of the Complaint and, accordingly, denies such allegations.

48.     IDEMIA denies the allegations contained in Paragraph 48 of the Complaint.

49.     IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of the Complaint and, accordingly, denies such allegations.

50.     IDEMIA states that any text messages are writings or documents that speak for themselves, and IDEMIA denies any allegations contained in Paragraph 50 of the Complaint that vary, contradict, or are otherwise inconsistent with such writings or documents.  IDEMIA denies the remaining allegations contained in Paragraph 50 of the Complaint.

51.     IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 51 of the Complaint and, accordingly, denies such allegations.

52.     IDEMIA admits that, because of Plaintiff's poor performance and failure to provide adequate leadership of the Enrollment Services business division, Plaintiff was offered the new position of Senior Vice President of Citizen Services.  IDEMIA further admits that the Citizen

7

Services business division was primarily focused on development of the Trusted Fan business. IDEMIA denies the remaining allegations contained in Paragraph 52 of the Complaint.

III.     IDEMIA denies the allegations contained in Heading III preceding Paragraph 53 of the Complaint.

53.     IDEMIA admits that it was awarded the Universal Enrollment Services ("UES2") contract by the federal government in or about 2019.  IDEMIA further admits that the UES2 contract included services relating to TSA PreCheck and other federal programs.  IDEMIA denies the remaining allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     IDEMIA denies the allegations contained in Paragraph 54 of the Complaint.

55.     IDEMIA admits that in or about February 2019, a competitor filed a bid protest appealing the award of the UES2 contract to IDEMIA.  IDEMIA denies the remaining allegations contained in Paragraph 55 of the Complaint.

56.     IDEMIA denies the allegations contained in Paragraph 56 of the Complaint.

57.     IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the allegation contained in Paragraph 57 of the Complaint that Plaintiff was "skeptical" and, accordingly, denies such allegation.  IDEMIA denies the remaining allegations contained in Paragraph 57 of the Complaint.

58.     IDEMIA denies the allegations contained in Paragraph 58 of the Complaint.

59.     IDEMIA denies the allegations contained in Paragraph 59 of the Complaint.

60.     IDEMIA denies the allegations contained in Paragraph 60 of the Complaint.

61.     IDEMIA states that the employment agreement is a writing or other document that speaks for itself, and IDEMIA denies any allegations contained in Paragraph 61 of the Complaint that vary, contradict, or are otherwise inconsistent with such writing or document.  IDEMIA admits

8

that it offered Plaintiff a new employment agreement that contained lucrative financial incentives, including equity awards. IDEMIA denies the remaining allegations contained in Paragraph 61 of the Complaint.

62. IDEMIA states that any text messages are writings or documents that speak for themselves, and IDEMIA denies any allegations contained in Paragraph 62 of the Complaint that vary, contradict, or are otherwise inconsistent with such writings or documents. IDEMIA denies the remaining allegations contained in Paragraph 62 of the Complaint.

63. IDEMIA states that any text messages are writings or documents that speak for themselves, and IDEMIA denies any allegations contained in Paragraph 63 of the Complaint that vary, contradict, or are otherwise inconsistent with such writings or documents. IDEMIA denies the remaining allegations contained in Paragraph 63 of the Complaint.

64. IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the reasons Plaintiff alleges he signed the employment agreement to become Senior Vice President of Senior Services on or about July 25, 2019, and, accordingly, denies such allegations. IDEMIA denies the remaining allegations contained in Paragraph 64 of the Complaint.

65. IDEMIA denies the allegations contained in Paragraph 65 of the Complaint.

IV. IDEMIA denies the allegations contained in Heading IV preceding Paragraph 66 of the Complaint.

66. IDEMIA denies the allegations contained in Paragraph 66 of the Complaint.

67. IDEMIA denies the allegations contained in Paragraph 67 of the Complaint.

68. IDEMIA states that any text messages or emails are writings or documents that speak for themselves, and IDEMIA denies any allegations contained in Paragraph 68 of the

Complaint that vary, contradict, or are otherwise inconsistent with such writings or documents. IDEMIA denies the remaining allegations contained in Paragraph 68 of the Complaint.

69.     IDEMIA denies the allegations contained in Paragraph 69 of the Complaint.

70.     IDEMIA denies the allegations contained in Paragraph 70 of the Complaint.

71.     IDEMIA denies the allegations contained in Paragraph 71 of the Complaint.

72.     IDEMIA denies the allegations contained in Paragraph 72 of the Complaint.

V.     IDEMIA denies the allegations contained in Heading V preceding Paragraph 73 of the Complaint.

73.     IDEMIA states that Paragraph 73 of the Complaint contains conclusions of law to which no response is required.  IDEMIA denies the remaining allegations contained in Paragraph 73 of the Complaint.

74.     IDEMIA denies the allegations contained in Paragraph 74 of the Complaint.

75.     IDEMIA states that the Service Level Agreements are writings or documents that speak for themselves, and IDEMIA denies any allegations contained in Paragraph 75 of the Complaint that vary, contradict, or are otherwise inconsistent with such writings or documents. IDEMIA further states that Paragraph 75 of the Complaint contains conclusions of law to which no response is required.  IDEMIA denies the remaining allegations contain in Paragraph 75 of the Complaint.

76.     IDEMIA states that Paragraph 76 of the Complaint contains conclusions of law to which no response is required.  IDEMIA denies the remaining allegations contained in Paragraph 76 of the Complaint.

77.     IDEMIA states that Paragraph 77 of the Complaint contains conclusions of law to which no response is required.  IDEMIA denies the remaining allegations contained in Paragraph 77 of the Complaint.

78.     IDEMIA denies the allegations contained in Paragraph 78 of the Complaint.

79.     IDEMIA denies the allegations contained in Paragraph 79 of the Complaint.

80.     IDEMIA denies the allegations contained in Paragraph 80 of the Complaint.

81.     IDEMIA denies the allegations contained in Paragraph 81 of the Complaint.

82.     IDEMIA states that Paragraph 82 of the Complaint contains statements of law to which no response is required.  IDEMIA denies the remaining allegations contained in Paragraph 82 of the Complaint.

83.     IDEMIA states that Paragraph 83 of the Complaint contains conclusions of law to which no response is required.  IDEMIA denies the remaining allegations contained in Paragraph 83 of the Complaint.

84.     IDEMIA denies the allegations contained in Paragraph 84 of the Complaint.

85.     IDEMIA denies the allegations contained in Paragraph 85 of the Complaint.

86.     IDEMIA denies the allegations contained in Paragraph 86 of the Complaint.

87.     IDEMIA denies the allegations contained in Paragraph 87 of the Complaint.

88.     IDEMIA admits that, in early November 2019, it made the decision to terminate Plaintiff's employment based on its dissatisfaction with Plaintiff's performance.  IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 88 of the Complaint and, accordingly, denies such allegations.

89.     IDEMIA lacks information sufficient with which to form a belief as to the truth or

11

falsity of the allegations contained in Paragraph 89 of the Complaint and, accordingly, denies such allegations.

90.     IDEMIA admits that it terminated Plaintiff's employment effective November 21, 2019.  IDEMIA denies the remaining allegations contained in Paragraph 90 of the Complaint.

91.     IDEMIA denies the allegations contained in Paragraph 91 of the Complaint.

92.     IDEMIA denies the allegations contained in Paragraph 92 of the Complaint.

93.     IDEMIA denies the allegations contained in Paragraph 93 of the Complaint.

VII.     IDEMIA denies the allegations contained in Heading VII preceding Paragraph 94 of the Complaint.

94.     IDEMIA denies the allegations contained in Paragraph 94 of the Complaint.

95.     IDEMIA admits that it repeatedly communicated concerns with Plaintiff's performance prior to the termination of Plaintiff's employment.  IDEMIA denies the remaining allegations contained in Paragraph 95 of the Complaint.

96.     IDEMIA states that any performance evaluations are writings or documents that speak for themselves, and IDEMIA denies any allegations contained in Paragraph 96 of the Complaint that vary, contradict, or are otherwise inconsistent with such writings or documents. IDEMIA denies the remaining allegations contained in Paragraph 96 of the Complaint.

97.     IDEMIA admits that Plaintiff was named Employee of the Year in February 2019. IDEMIA denies the remaining allegations contained in Paragraph 97 of the Complaint.

98.     IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 98 of the Complaint and, accordingly, denies such allegations.

99.     IDEMIA admits that in or about April 2019, Mr. Casey sent Plaintiff a proposal for Plaintiff to transition to the position of Senior Vice President of Corporate Development, a promotion which came with a substantial increase in compensation.  IDEMIA denies the remaining allegations in Paragraph 99 of the Complaint.

100.    IDEMIA denies the allegations contained in Paragraph 100 of the Complaint.

101.    IDEMIA admits that it was dissatisfied with Plaintiff's inadequate progress with regard to development of the Trusted Fan business.  IDEMIA denies the remaining allegations contained in Paragraph 101 of the Complaint.

102.    IDEMIA admits that it was dissatisfied with Plaintiff's inadequate progress with regard to development of the Trusted Fan business.  IDEMIA denies the remaining allegations contained in Paragraph 102 of the Complaint.

103.    IDEMIA denies the allegations contained in Paragraph 103 of the Complaint.

104.    IDEMIA states that Paragraph 104 contains allegations that are overly vague, inaccurate, incomplete, argumentative, or taken out of context and, accordingly, IDEMIA denies such allegations.  IDEMIA denies the remaining allegations contained in Paragraph 104 of the Complaint.

105.    IDEMIA states that Paragraph 105 contains allegations that are overly vague, inaccurate, incomplete, argumentative, or taken out of context and, accordingly, IDEMIA denies such allegations.  IDEMIA denies the remaining allegations contained in Paragraph 105 of the Complaint.

106.    IDEMIA admits that it conducted an investigation and determined that Plaintiff had violated numerous IDEMIA policies.  IDEMIA denies the remaining allegations in Paragraph 106 of the Complaint.

107.     IDEMIA denies the allegations contained in Paragraph 107 of the Complaint.

108.     IDEMIA states that Paragraph 108 of the Complaint contains allegations that are overly vague, inaccurate, incomplete, argumentative, or taken out of context and, accordingly, IDEMIA denies such allegations.  IDEMIA admits that the use of an interior design company operated by Plaintiff's domestic partner was inappropriate.  IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the allegation that Plaintiff considers IDEMIA's position "personally offensive" and, accordingly, denies such allegations.  IDEMIA denies the remaining allegations contained in Paragraph 108 of the Complaint.

109.     IDEMIA states that Paragraph 109 contains allegations that are overly vague, inaccurate, incomplete, argumentative, or taken out of context and, accordingly, IDEMIA denies such allegations.  IDEMIA denies the remaining allegations contained in Paragraph 109 of the Complaint.

110.     IDEMIA denies the allegations contained in Paragraph 110 of the Complaint.

111.     IDEMIA lacks information sufficient with which to form a belief as to the truth or falsity of the allegations that "the former-CEO of IDEMIA's global corporation visited [Plaintiff], he specifically commented on the interior design of the offices and asked whether the company that designed the offices was able to come to France and also design the corporate offices" and accordingly, denies such allegations.  IDEMIA denies the remaining allegations contained in Paragraph 111 of the Complaint.

112.     IDEMIA denies the allegations contained in Paragraph 112 of the Complaint.

113.     IDEMIA admits that its investigation revealed hundreds of thousands of dollars in inappropriate expenses for which Plaintiff sought reimbursement from IDEMIA.  IDEMIA denies the remaining allegations contained in Paragraph 113 of the Complaint.

14

114.	IDEMIA denies the allegations contained in Paragraph 114 of the Complaint.

115.	IDEMIA denies the allegations contained in Paragraph 115 of the Complaint.

116.	IDEMIA admits that it discovered that Plaintiff and/or his relatives had inappropriate relationships with at least three companies in violation of IDEMIA's conflict of interest policies.  IDEMIA denies the remaining allegations in Paragraph 116.

117.	IDEMIA denies the allegations contained in Paragraph 117 of the Complaint.

118.	IDEMIA denies the allegations contained in Paragraph 118 of the Complaint.

119.	IDEMIA denies the allegations contained in Paragraph 119 of the Complaint.

120.	IDEMIA denies the allegations contained in Paragraph 120 of the Complaint.

## CAUSES OF ACTION

### Count One
### Discrimination in Violation of the ADA/ADAAA, 42 U.S.C. § 12101, *et seq.*

121.	IDEMIA restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

122.	IDEMIA denies the allegations contained in Paragraph 122 of the Complaint.

123.	IDEMIA denies the allegations contained in Paragraph 123 of the Complaint.

124.	IDEMIA states that Paragraph 124 of the Complaint contains conclusions of law to which no response is required.  IDEMIA denies the remaining allegations contained in Paragraph 124 of the Complaint.

125.	IDEMIA admits that employees were, on occasion, permitted to work remotely, including while traveling.  IDEMIA denies the remaining allegations contained in Paragraph 125 of the Complaint.

126.	IDEMIA denies the allegations contained in Paragraph 126 of the Complaint.

127.	IDEMIA denies the allegations contained in Paragraph 127 of the Complaint.

15

128.     IDEMIA denies the allegations contained in Paragraph 128 of the Complaint.

129.     IDEMIA denies the allegations contained in Paragraph 129 of the Complaint.

## Count Two
### Age Discrimination in Violation of the ADEA, 29 U.S.C. §§ 621, *et seq.*

130.     IDEMIA restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

131.     IDEMIA states that Paragraph 131 of the Complaint contains statements of law to which no response is required.  IDEMIA denies any remaining allegations contained in Paragraph 131 of the Complaint.

132.     IDEMIA states that Paragraph 132 of the Complaint contains statements of law to which no response is required.  IDEMIA denies any remaining allegations contained in Paragraph 132 of the Complaint.

133.     IDEMIA denies the allegations contained in Paragraph 133 of the Complaint.

134.     IDEMIA denies the allegations contained in Paragraph 134 of the Complaint.

135.     IDEMIA denies the allegations contained in Paragraph 135 of the Complaint.

136.     IDEMIA denies the allegations contained in Paragraph 136 of the Complaint.

137.     Paragraph 137 of the Complaint contains statements of law to which no response is required.  IDEMIA denies the remaining allegations contained in Paragraph 137 of the Complaint.

138.     IDEMIA denies the allegations contained in Paragraph 138 of the Complaint.

## Count Three
### Retaliation in Violation of the False Claims Act, 31 U.S.C. § 3730(h)

139.     IDEMIA restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

140.     IDEMIA states that Paragraph 140 of the Complaint contains conclusions of law to which no response is required.  IDEMIA denies the remaining allegations contained in Paragraph 140 of the Complaint.

141.     IDEMIA denies the allegations contained in Paragraph 141 of the Complaint.

142.     IDEMIA denies the allegations contained in Paragraph 142 of the Complaint.

143.     IDEMIA denies the allegations contained in Paragraph 143 of the Complaint.

144.     IDEMIA denies the allegations contained in Paragraph 144 of the Complaint.

145.     IDEMIA denies the allegations contained in Paragraph 145 of the Complaint.

**Count Four**
**Breach of Contract**

146.     IDEMIA restates and incorporates its responses to the preceding paragraphs as though fully set forth herein.

147.     IDEMIA states that Paragraph 147 of the Complaint contains conclusions of law to which no response is required.  IDEMIA further states that the employment agreement is a writing or document that speaks for itself, and IDEMIA denies any allegations contained in Paragraph 147 of the Complaint that vary, contradict, or are otherwise inconsistent with such writing or document. IDEMIA denies the remaining allegations contained in Paragraph 147 of the Complaint.

148.     IDEMIA states that Paragraph 148 of the Complaint contains conclusions of law to which no response is required.  IDEMIA further states that the employment agreement is a writing or document that speaks for itself, and IDEMIA denies any allegations contained in Paragraph 148 of the Complaint that vary, contradict, or are otherwise inconsistent with such writing or document. IDEMIA denies the remaining allegations contained in Paragraph 148 of the Complaint.

149.     IDEMIA denies the allegations contained in Paragraph 149 of the Complaint.

150.     IDEMIA denies the allegations contained in Paragraph 150 of the Complaint.

151.    IDEMIA denies the allegations contained in Paragraph 151 of the Complaint.

152.    IDEMIA denies the allegations contained in Paragraph 152 of the Complaint.

153.    IDEMIA denies the allegations contained in Paragraph 153 of the Complaint.

154.    Except as otherwise expressly admitted herein, IDEMIA denies each and every allegation contained in the Complaint.

## PRAYER FOR RELIEF

IDEMIA states that Plaintiff's Prayer for Relief contains conclusions of law and requests for legal relief to which no response is required.  IDEMIA admits that Plaintiff has asked the Court to award legal and equitable relief as set forth in the Prayer for Relief, but denies that it has engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.  IDEMIA denies any and the remaining factual allegations contained in the Prayer for Relief.

## JURY TRIAL DEMAND

This Paragraph does not contain a factual allegation to which IDEMIA can respond.

## AFFIRMATIVE AND OTHER DEFENSES OR AVOIDANCES

1.    Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.    Plaintiff's employment was at-will.

3.    All or a portion of Plaintiff's Complaint is barred by his failure to timely exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of this action.

4.    Some or the entirety of the claims asserted or the relief sought in Plaintiff's Complaint are barred by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands.

18

5.      Plaintiff's claims should be dismissed to the extent they were not set forth in his administrative charge.

6.      IDEMIA's actions were made in good faith and without malice, deliberate indifference, bad faith, or reckless disregard of any of Plaintiff's legal rights.

7.      IDEMIA had legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons for each action taken with regard to Plaintiff during the course of his employment.

8.      To the extent Plaintiff claims any decisions related to his employment were due to or motivated by any unlawful purpose, IDEMIA denies that any unlawful purposes were considered, and affirmatively states that IDEMIA would have taken the same action absent the alleged unlawful purpose.

9.      Plaintiff's Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, punitive, or liquidated damages against IDEMIA.

10.     Plaintiff's claims are barred to the extent he is not a qualified individual with a disability.

11.     Plaintiff's claims are barred to the extent that he did not suffer from a disability, had no record of a disability, and/or was not perceived as being disabled.

12.     IDEMIA affirmatively pleads that Plaintiff did not request a reasonable accommodation and, to the extent any of Plaintiff's requests for reasonable accommodation were denied, such accommodations were unreasonable and/or not possible without undue hardship.

13.     To the extent any alleged intentional discriminatory or retaliatory conduct was committed by IDEMIA's agent(s) (which IDEMIA denies), said conduct was outside the scope of the agent's authority and contrary to IDEMIA's good faith efforts to comply with the law.

14. Plaintiff's claims for relief fail because he did not engage in any legally cognizable protected activity during employment.

15. Plaintiff has not been injured to the extent alleged.

16. Plaintiff's claims for damages are barred or reduced to the extent he failed to properly mitigate his damages.

17. Plaintiff's damages are limited by all applicable statutory caps.

18. Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

19. If Plaintiff has been damaged as alleged, such damages were caused, aggravated, or contributed to by his own acts or omissions, by the acts or omissions of those other than IDEMIA, by the acts or omissions of those over which IDEMIA has no control, or otherwise by acts or omissions for which IDEMIA is not responsible.

20. To the extent Plaintiff seeks punitive and/or liquidated damages in this matter, such damages are barred because IDEMIA acted in good faith and in a non-willful manner at all times, and because punitive and/or liquidated damages would be excessive and in violation of the Due Process Clause of the federal and state constitutions.

21. Plaintiff may not recover lost wages or benefits for any period of time in which he was physically unable to work or any time he was not actively seeking comparable employment.

22. IDEMIA cannot fully anticipate all the affirmative defenses that may be applicable to this case. Accordingly, IDEMIA reserves the right to assert additional affirmative defenses as may be appropriate in connection with facts obtained through discovery. IDEMIA affirmatively states that it will rely upon each and every affirmative defense or other avoidance provided by the Federal Rules of Civil Procedure or the law that may become known during the course of this litigation, including through discovery, trial, or otherwise.

20

**WHEREFORE,** IDEMIA Identity & Security USA, LLC, respectfully requests that the Court enter an Order granting the following relief:

1. Dismissing Plaintiff's Complaint, with prejudice and on the merits, and entering judgment in favor of IDEMIA and against Plaintiff;

2. Awarding IDEMIA its costs, disbursements, and reasonable attorneys' fees incurred by IDEMIA in connection with this matter; and

3. Entering such other and further relief as the Court in the exercise of its discretion deems just and proper.

Respectfully submitted,

*/s/ Elise H. McKelvey*
J. Christopher Anderson, TN Bar No. 019279
Elise H. McKelvey, TN Bar No. 033348
LITTLER MENDELSON, P.C.
333 Commerce Street, Suite 1450
Nashville, TN 37201
615.383.3033 (phone)
615.383.3323 (fax)
chrisanderson@littler.com
emckelvey@littler.com

Jeremy Sosna
*Pro Hac Vice Application To Be Filed*
LITTLER MENDELSON, P.C.
1300 IDS Center
80th South Eighth Street
Minneapolis, MN 55402
612.630.1000 (phone)
612.630.9626 (fax)
jsosna@littler.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

     I hereby certify that on December 15, 2021, the foregoing was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including the following:

     Heather Moore Collins
     Caroline Drinnon
     Collins & Hunter PLLC
     7000 Executive Center Drive, Sutie 320
     Brentwood, TN 37027
     heather@collinshunter.com
     caroline@collinshunter.com

     Kevin H. Sharp
     Leigh Ann St. Charles
     Sanford Heisler Sharp, LLP
     611 Commerce Street, Suite 3100
     Nashville, TN 37203
     ksharp@sanfordheisler.com
     lstcharles@sanfordheisler.com

*/s/ Elise H. McKelvey*
Elise H. McKelvey